Caruthers, J.,
delivered the opinion of the Court.
Tbe presentment and conviction in this case were for a violation of tbe act of 1833, ch. 10, by running a borse race upon a public road.
The charge in tbe presentment is, that tbe defendant did “then and there run a horse race in and upon, and along a public highway in said county.” Tbe proof shows that tbe defendant and one H. Corn run a race with mules on the “Iron Mountain road,” in Washington county, and that tbe same was and is a public road. It does not appear that there was any wager, or any previous agreement to run tbe race, or that tbe meeting was for that purpose. Tbe Court charged that this was not necessary to constitute tbe offence, but that it was sufficient] if two persons met simultaneously in tbe road and without saying any thing, commenced running a borse race over a public road.” This is undoubtedly correct. Tbe mischief which induced tbe act, was tbe danger and annoyance this practice was calculated to produce to ladies and others who might be passing over a public highway. This would be the same whether the race was by previous concert for a wager, or otherwise. The act is general in its terms and there is no reason why it should be limited by construction.
*156 But the case is mainly rested upon a question of variance between the proof and presentment; and that a mule race is not charged, nor is it prohibited by the act. His honor correctly held that this was not a fatal variance.
The word “ horse ” is sometimes used, says Bouvier, in his Dictionary, 590, as a generic name, including all animals of the horse kind. The phrase “horse race,” as used in this statute, embraces horses, mares, and mules, at least.
The conviction was proper. Let the judgment be affirmed.